**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY R. FERGUSON,                                                                            PETITIONER
ADC#130598

v.                                          5:11-cv-00267-SWW-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                              RESPONDENT

**<u>PROPOSED FINDINGS AND RECOMMENDATIONS</u>**

**<u>INSTRUCTIONS</u>**

        The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

        If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

        1.        Why the record made before the Magistrate Judge is inadequate.

        2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

        3.        The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    BACKGROUND

On December 19, 2008, Larry Ferguson pled guilty to two counts of delivery of methamphetamine and one count of possession of methamphetamine.  (Doc. No. 2 at 12-13.)  For these convictions, he received a sentence of three (3) years' probation.  (*Id.*)  Mr. Ferguson then received additional charges in two separate cases: CR 2007-244 (one count of possession of paraphernalia with intent to manufacture methamphetamine); CR 2010-166 (one count of possession of paraphernalia with intent to manufacture methamphetamine and one count of possession of drug paraphernalia).  On December 7, 2010, the circuit court revoked Mr. Ferguson's probation because of the additional charges.  Mr. Ferguson entered guilty pleas in CR 2007-244 and CR 2010-166, and the circuit court sentenced him to twenty (20) years' imprisonment.  Mr. Ferguson did not appeal, and he did not file a Rule 37 petition in any of these three cases.

Mr. Ferguson filed the instant habeas petition on October 12, 2011, (Doc. No. 2) and raised three claims.  The first two concern ineffective assistance of counsel, and the third is regarding the legality of Mr. Ferguson's twenty (20) year sentence.

## II.    ANALYSIS

Before filing a federal habeas petition, a state inmate must first exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011)(citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)). The purpose underlying this exhaustion requirement allows the respective "state the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971)("We have consistently adhered to this federal policy, 'for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.' " (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950))); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). Ultimately, " '[i]f a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.' " *Murphy*, 652 F.3d at 849 (quoting *Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999)).

Pursuant to Rule 37.2(b) of the Arkansas Rules of Criminal Procedure, an Arkansas state inmate "must" first raise claims concerning the legality of his or her sentence in a Rule 37 motion. Ark. R. Crim. P. 37.2(b). Also, when an inmate raises an ineffective-assistance-of-counsel claim, he or she must first present it "to the state courts as an independent claim before it may be used to established cause for a procedural default." *Morris v. Norris*, 83 F.3d 268, 271 (8th Cir. 1996)(citing *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995)).[1]

Mr. Ferguson admits he has not previously submitted any of these claims for review by an

---

[1]An ineffective-assistance-of-counsel claim premised on counsel's post-conviction representation is not viable given that there is no Sixth Amendment right to counsel in post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *see also Morris*, 83 F.3d at 270 ("[T]here is no right to counsel in post-conviction proceedings, and therefore ineffective assistance of post-conviction counsel cannot excuse a procedural default.").

Arkansas state court.  (Doc. No. 10 at 1).  And since Mr. Ferguson has not complied with Arkansas post-conviction procedure, this Court finds he has procedurally defaulted all three of his claims.  The only remaining question is whether Mr. Ferguson's procedural default is excused.

Attorney error that amounts to ineffective assistance of counsel may be used to establish cause for purposes of excusing procedural default.  *Coleman*, 501 U.S. at 753-54.  As explained by the Supreme Court in *Murray v. Carrier*, 477 U.S. 478 (1986), "if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State."  477 U.S. at 488.  In order to use an ineffective-assistance-of-counsel claim to establish cause, a petitioner must first present the ineffective assistance of counsel claim "to the state courts as an independent claim."  *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009); *see also Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir. 1995); *McKinnon v. Lockhart*, 921 F.2d 830, 832 (8th Cir. 1990).

In his reply, Mr. Ferguson argues that his counsel's conduct constitutes cause to excuse his procedural default.  He states underlying facts that he believes support his two ineffective-assistance claims.  However, Mr. Ferguson does not explain, and the record does not otherwise indicate, how these claims and counsel's conduct justify his failure to comply with Arkansas appellate and post-conviction procedure.  And, as previously mentioned, Mr. Ferguson failed to present the ineffective-assistance-of-counsel claim that he attempts to use as cause to excuse his procedural default as an independent claim to the Arkansas state courts.  Consequently, Mr. Ferguson's procedural default is not excused.

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Mr. Ferguson's § 2254 Petition for Writ of Habeas Corpus (Doc. No. 2) be

DISMISSED with prejudice.

DATED this <u>3rd</u> day of May, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE