# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

LARRY R. FERGUSON,                                                                        PETITIONER
ADC#130598

v.                                        5:11CV00267-SWW-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                         RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is Mr. Ferguson's Motion for Relief from Judgment pursuant to Federal Rules of Civil Procedure Rule 60 (b)(6). (Doc. No. 27.) The Court previously dismissed Mr. Ferguson's Petition for Writ of Habeas Corpus[1] and the dismissal was affirmed by the United States Court of Appeals for the Eighth Circuit. (Doc. Nos. 12, 19, 25.) Petitioner now seeks review of his claims pursuant to recent decisions by the United States Supreme Court and Respondent has filed a Response. (Doc. No. 29.)

## I.    ANALYSIS

---

[1] On December 19, 2008, Larry Ferguson pled guilty to two counts of delivery of methamphetamine and one count of possession of methamphetamine. (Doc. No. 2 at 12-13.) For these convictions, he received a sentence of three (3) years' probation. (*Id.*) Mr. Ferguson then received additional charges in two separate cases: CR 2007-244 (one count of possession of paraphernalia with intent to manufacture methamphetamine); CR 2010-166 (one count of possession of paraphernalia with intent to manufacture methamphetamine and one count of possession of drug paraphernalia). On December 7, 2010, the circuit court revoked Mr. Ferguson's probation because of the additional charges. Mr. Ferguson entered guilty pleas in CR 2007-244 and CR 2010-166, and the circuit court sentenced him to twenty years' imprisonment. Mr. Ferguson did appeal but he did not file a Rule 37 petition in any of these three cases. Mr. Ferguson filed the instant habeas petition on October 12, 2011, (Doc. No. 2) and raised three claims. The first two concern ineffective assistance of counsel, and the third is regarding the legality of Mr. Ferguson's twenty year sentence.

To warrant relief from a judgment under Rule 60 (b)(6) of the Federal Rules of Civil Procedure, the motion must demonstrate "extraordinary circumstances." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005). Mr. Ferguson argues that the recent Supreme Court decisions in *Martinez v. Ryan*, 566 U.S. __ , 132 S.Ct. 1309 (2012) and *Trevino v. Thaler*, 569 U.S. __ , 133 S.Ct. 1911 (2013), are extraordinary circumstances sufficient to reopen a final judgment under Rule 60(b)(6). Respondent, citing *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012), counters that the new Supreme Court cases fail to amount to "extraordinary circumstances" warranting relief.

In *Adams*, the United States Court of Appeals for the Fifth Circuit explained:

> Our precedents hold that "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment" under Rule 60(b)(6). *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990) (citations omitted); *see also Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747–48 (5th Cir.1995). We have held that "[t]his rule applies with equal force in habeas proceedings under" the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011); see *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) ("Under our precedents, changes in decisional law ... do not constitute the 'extraordinary circumstances' required for granting Rule 60(b)(6) relief .... The dicta in *Batts* suggesting that the rule for changes in decisional law might be different in the habeas corpus context because finality is not a concern is now flatly contradicted by, among other things, AEDPA.").
> . . .
> Similarly, in the present case, in denying Adams's initial federal habeas petition, the district court correctly determined that Adams's claims were procedurally defaulted pursuant to the then-prevailing Supreme Court precedent of *Coleman*. The Supreme Court's later decision in *Martinez*, which creates a narrow exception to *Coleman's* holding regarding cause to excuse procedural default, does not constitute an "extraordinary circumstance" under Supreme Court and our precedent to warrant Rule 60(b)(6) relief. *See Gonzalez*, 545 U.S. 524, 536; *Bailey*, 894 F.2d at 160. The *Martinez* Court's crafting of a narrow, equitable exception to *Coleman's* holding is "hardly extraordinary." *Gonzalez*, 545 U.S. at 536; see also *Martinez*, 132 S.Ct. at 1320 ("The rule of *Coleman* governs in all but the limited circumstances recognized here.").

*Id*.

While the United States Court of Appeals for the Eighth Circuit has not yet addressed this

issue, numerous other courts have followed the Fifth Circuit precedent in *Adams v. Thaler*.[2] And after closely considering Petitioner's Motion and the rationale of *Adams v. Thaler*, the Court concludes that Mr. Ferguson fails to raise "extraordinary circumstances" meriting Rule 60 relief. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

## II. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Motion for Relief from Judgment Under Rule 60(b)(6) (Doc. No. 27) be DENIED.

DATED this 30th of July, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]*Tilcock v. Budge*, 2013 WL 2324452; *Jackson v. Ercole*, 2012 WL 5949359, at *4 (W.D.N.Y. Nov. 28, 2012); *Fitzgerald v. Klopotoski*, 2012 WL 5463677, at *3 (W.D. Pa. Nov. 8, 2012); *Haynes v. Thaler*, 2012 WL 4739541, at *4 (S.D. Tex. Oct. 3, 2012); *Gale v. Wetzel*, 2012 WL 5467540, at *9 (M.D. Pa. Sep. 27, 2012); *Vogt v. Coleman*, 2012 WL 2930871, at *3–4 (W.D. Pa. Jul. 18, 2012). *Cf. Lopez v. Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012); and *Cook v. Ryan*, 2012 WL 2798789, at *6 (D . Ariz. Jul. 9, 2012) (concluding that the nature of the change in law heralded by Martinez was a remarkable, albeit limited, development weighing slightly in favor of 60(b)(6) relief).